UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
FILED
Nov 13 2026
ARTHUR JOHNSTON, CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**RONALD SCHEXNAYDER, SR.** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 2:24-cv-163-TBM-RPM**

**SOUTHERN HENS INC. *et al.*** **DEFENDANTS**

## ORDER

This matter is before the Court on the submission of the Report and Recommendation [7] entered by United States Magistrate Judge Robert P. Myers on April 17, 2026. Judge Myers recommends that this action be dismissed without prejudice for lack of subject matter jurisdiction. This Court finds that the Report and Recommendation [7] should be adopted and Plaintiff Ronald Schexnayder's Objection [8] should be overruled.

## I. STANDARD OF REVIEW

It is well-settled that "parties filing objections must specifically identify those findings objected to." *Johansson v. King*, No. 5:14-cv-96-DCB, 2015 WL 5089782, *2 (S.D. Miss. Aug. 27, 2015). The Court must review any objected-to portions of a report and recommendation *de novo*. Such a review means that the Court will consider the record developed before the Magistrate Judge and make its own determination on the basis of that record. *United States v. Raddatz*, 447 U.S. 667, 675, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980). But the objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). When a *de novo* review is not warranted, the Court need only review the findings and recommendation and determine whether they are either clearly erroneous or contrary to law.

*United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Moreover, where the objections are repetitive of the arguments already made to the magistrate judge and the district court finds no error, the Court need not make new findings or reiterate the findings of the magistrate judge. *Hernandez v. Livingston*, 495 F. App'x 414, 416 (5th Cir. 2012); *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

Here, Schexnayder does not object to Judge Myers' finding "that there is a lack of complete diversity between parties," and that this Court "does not have jurisdiction under § 1332." [7], p. 3. Instead, Schexnayder objects only to Judge Myers' finding that this Court lacks federal question jurisdiction. This Order focuses only on the portions of the Report and Recommendation to which Schexnayder raised objections, as the Court has reviewed the remainder of the Report (*i.e.*, the portions not objected to) and has found it is neither clearly erroneous nor contrary to law. *See* 28 U.S.C. § 636(b)(1).

**II. DISCUSSION AND ANALYSIS**

Plaintiff Ronald Schexnayder, proceeding *pro se* and *in forma pauperis*, filed this action on October 9, 2024. According to Schexnayder, on November 4, 2019, while he was working for Defendant Southern Hens, several employees assaulted him, resulting in injuries. As a result of those injuries, Schexnayder brings a number of claims, including failure to supervise, negligence, hostile workplace, equal protection, due process, and civil rights violations; and also asserts Occupational Safety and Health Act ("OSHA") violations against Southern Hens. He also asserts allegations against the Administrative Law Judge arising out of his workers compensation claims. But Schexnayder "previously filed a lawsuit against all the same Defendants in Civil Action No. 2:24cv163-TBM-RPM . . . alleg[ing] he was wrongly denied workers compensation benefits related

to the incident of November 4, 2019, and further alleged employment discrimination." [4], p. 1. And "[b]y order of March 24, 2025, the Court dismissed Plaintiff's previous lawsuit." *Id.*

Based on the allegations in Schexnayder's Complaint, Judge Myers determined that subject matter jurisdiction may be lacking because the claims previously dismissed by this Court cannot serve as the basis for federal question jurisdiction. As a result, Judge Myers ordered Schexnayder to file a response "explaining the basis for this Court's subject matter jurisdiction and providing sufficient facts to state a plausible claim for relief." [4], p. 3. In Response [6], Schexnayder claimed "that his personal injury lawsuit does not arise from the result of defendants' violations of his human rights, civil rights[] Title VII Employment Opportunity or of his Workman Comp case." [6], p. 1.

Following Schexnayder's Response [6], Judge Myers entered a Report and Recommendation finding that Schexnayder "fails to identify any valid basis for federal question jurisdiction. He fails to point to a claim arising under the federal constitution, statutes, or treaties." [7], p. 4. While Judge Myers noted that Schexnayder "mentions Medicare fraud, Medicaid fraud, and workers compensation fraud as possible theories of liability . . . he offers no factual allegations to support these claims. Moreover, there is no private cause of action for Medicare or Medicaid fraud." [7], p. 4. Schexnayder was given fourteen days to file objections to the Report and Recommendation.

Schexnayder timely filed his Objection, now claiming that he "asserts violations of constitutional rights including due process." [8], p. 1. According to Schexnayder, his "[c]laims arise under 42 U.S.C. § 1983 and the Fourteenth Amendment involving denial of due process." *Id.* In support, Schexnayder asserts that he "was denied fair process through admission of unverified

evidence, lack of cross-examination, withheld surveillance video, and premature ruling." *Id.* While claims arising under Section 1983 are generally sufficient to provide federal question jurisdiction under 28 U.S.C. § 1331, courts may still dismiss the action for lack of jurisdiction when the claim is "immaterial and made solely for the purposes of obtaining jurisdiction" or is "insubstantial and frivolous." *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981).

With this authority in mind, other courts have found that a "passing reference to the Constitution" *G5 Invs., LLC v. Harrison Square, LLC*, No. 3:18-cv-95-SA, 2018 WL 2348664, at *2 (N.D. Miss. May 23, 2018) (collecting cases), or "to 42 U.S.C. § 1983 insufficient to confer federal question jurisdiction." *Mega Vape, LLC v. City of San Antonio*, 455 F. Supp. 3d 299, 307 (W.D. Tex. 2020). This Court finds such reasoning is persuasive. Indeed, Schexnayder provides no factual allegations to support his alleged Section 1983 or Fourteenth Amendment claims beyond a single sentence in his Objection to Judge Myers' Report and Recommendation. And Schexnayder did not even make these allegations in his Complaint. Schexnayder does not meet his burden of establishing federal jurisdiction. Schexnayder's Objection is therefore overruled and this action must be dismissed for lack of subject matter jurisdiction.

## III. CONCLUSION

IT IS ORDERED that Plaintiff Ronald Schexnayder's Objection [8] to the Report and Recommendation [7] is OVERRULED.

IT IS FURTHER ORDERED that the Report and Recommendation [7] entered by United States Magistrate Judge Robert P. Myers on April 17, 2026, is ADOPTED as the opinion of the Court.

IT IS FURTHER ORDERED that this action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. This CASE is CLOSED.

This, the 13th day of November, 2026.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE